# EXHIBIT 2



**Office of the Attorney General**

**Washington, D. C. 20530**

January 21, 2020

IMPLEMENTATION MEMORANDUM FOR HEADS OF DEPARTMENT COMPONENTS

FROM:              THE ATTORNEY GENERAL

SUBJECT:         THE COMMISSION ON LAW ENFORCEMENT AND THE
                         ADMINISTRATION OF JUSTICE

## I.    INTRODUCTION

On October 28, 2019, President Trump signed Executive Order No. 13896 (the "Order"), which authorized the Attorney General to establish "a Commission on Law Enforcement and the Administration of Justice" ("Commission").  The mission of the Commission is to "study issues related to law enforcement and the administration of justice and to make recommendations to the Attorney General, who shall submit a report and recommendations to the President, on actions that can be taken to prevent, reduce, and control crime, increase respect for the law, and assist victims." *Id.* § 3.  The Order empowers the Attorney General to establish the Commission and determine its membership and procedures.

This memorandum undertakes these actions consistent with the terms of the Order.  The Commission shall comply with the Order and this memorandum in all its operations.

## II.    COMMISSION OVERVIEW

In the half century since President Lyndon B. Johnson authorized a commission to study law enforcement and the administration of justice, there have been many social, technological, and legal developments that merit a new assessment of the state of American policing.  Many of the issues studied by the commission 50 years ago remain relevant today, such as violent crime, drug abuse, and juvenile justice.  Yet law enforcement faces many new challenges, including those that arise from new and evolving technology.

This Commission therefore sets out to conduct a modern fresh evaluation of the salient issues affecting American law enforcement and the communities they protect.  While many topics and aspects of the criminal justice system merit study, the Commission will focus on the national issues that most impact the efficacy of American law enforcement to safeguard the public and maintain a positive relationship with their communities.  This examination will include the subjects the Commission will study through the working groups designated below.

As reflected by those subjects, law enforcement today faces a variety of novel criminal threats, including synthetic opioids, cyber threats, and the digital concealment of criminal activity through encryption and the dark web.  Relatedly, law enforcement is frequently tasked

with addressing the consequences of social ills—including drug addiction, mental illness, and homelessness—for which the criminal justice system is not always the best solution.  While facing these challenges, many public voices express distrust and disrespect for the law enforcement community, resulting in a corresponding decline in officer morale and health, as well as the willingness of Americans to volunteer to become law enforcement officers.

A diversity of backgrounds and perspectives is important for gaining an effective understanding of these problems and formulating sound solutions.  Consequently, the Commission, a deliberative body tasked with improving American policing, should consist of law enforcement officials from a variety of backgrounds, positions, areas, and expertise.  The Commission should also solicit input and information from various sectors of society, including community organizations, civic leadership, civil rights and victim's rights organizations, criminal defense attorneys, academia, social service organizations, and other entities that regularly interact with American law enforcement and study the issues impacting the administration of justice in the United States.

### III.    COMMISSION PROCEDURES

The Commission shall undertake its duties and functions set forth in the Order.  The Attorney General hereby delegates to the Chair and Vice Chair the authority to set procedures and deadlines for the Commission as necessary to accomplish its mission, other than those specified in this memorandum.  In considering these issues, the Commission should seek to solicit and consider a diversity of "positions and perspectives on each topic," and must "recommend only practical and concrete actions that can be taken by Federal, State, local, and tribal law enforcement and other government entities."

In studying the law enforcement issues that are the subject of the Commission's work, the Commission shall solicit input from practitioners, subject matter experts, public interest organizations, and other stakeholders through any measures the Chair deems appropriate.  These may include, among other things, meetings featuring speakers or panel presentations, field visits by Commission members or staff, hearings, listening sessions, and opportunities for public comment.

Recommendations of the Commission, including recommendations in its final report, shall be made under the supervision of the Chair and Vice Chair, and in consultation with the Deputy Attorney General.

### IV.    COMMISSION STRUCTURE

The Commission structure is set forth below.

1. **Commission Members**: The Commission shall consist of a Chair, Vice Chair, and individual Commissioners.  The Commission shall also be assisted in its duties by an Executive Director and by any other staff members the Commission deems necessary and appropriate to assist the Commission in carrying out its duties.  The Executive Director and other staff shall not serve as members of the Commission.

2. **Chair**: The Commission shall be headed by the Chair.

    a. The Chair shall preside over the Commission, conduct meetings, and retain final authority on the content of the recommendations submitted by the Commission to the Attorney General and the President;

    b. The Chair shall also have the authority to designate individuals to serve on working groups for the Commission to consult and collaborate with in its study of key issues confronting law enforcement.

3. **Executive Director**: The Commission shall be assisted by an Executive Director.

    a. The Chair shall appoint or designate the Executive Director.

    b. The Chair is authorized to staff the Commission, but the Chair may delegate that authority to the Executive Director.

    c. The Executive Director shall oversee the staff of the Commission (including any detailees from the Department or other federal agencies) and, under the direction of the Chair, assist in the day-to-day functions of the Commission such as working with the staff to coordinate meetings, speeches, field visits, listening sessions, and other events undertaken by the Commission to effectuate its mission.

4. **Membership**: The Attorney General hereby designates the following individuals to serve as Commissioners:

- *Chair*
  - Phil Keith, Retired Police Officer and Director, Office of Community Oriented Policing Services
- *Vice Chair*
  - Katharine Sullivan, Principal Deputy Assistant Attorney General, Office of Justice Programs
- *Commissioners*
  - David Bowdich, Deputy Director, Federal Bureau of Investigation
  - James Clemmons, Sheriff of Richmond County, North Carolina
  - Chris Evans, Chief of Operations, Drug Enforcement Administration
  - Frederick Frazier, City Councilman at Large of McKinney, Texas
  - Robert Gualtieri, Sheriff of Pinellas County, Florida
  - Gina Hawkins, Chief of the Fayetteville, North Carolina Police Department
    - Pursuant to designation by Mayor Mitch Colvin to serve on the Commission on his behalf in their official capacity.
  - Regina Lombardo, Acting Director, Bureau of Alcohol, Tobacco, Firearms, and Explosives

- o Erica MacDonald, United States Attorney for the District of Minnesota
- o Ashley Moody, Florida Attorney General
- o Nancy Parr, Commonwealth's Attorney, Chesapeake, Virginia
- o Craig Price, South Dakota Secretary of Public Safety
  - Pursuant to designation by Governor Kristi Noem to serve on the Commission on her behalf in their official capacity.
- o Gordon Ramsay, Chief of the Wichita, Kansas Police Department
  - Pursuant to designation by Mayor Jeff Longwell to serve on the Commission on his behalf in their official capacity.
- o David Rausch, Director of the Tennessee Bureau of Investigation
  - Pursuant to designation by Tennessee Governor Bill Lee to serve on the Commission on his behalf in their official capacity.
- o John Samaniego, Sheriff of Shelby County, Alabama
- o James Smallwood, Police Officer, Metropolitan Nashville Police Department
  - Pursuant to designation by Mayor John Cooper to serve on the Commission on his behalf in their official capacity.
- o Donald Washington, Director, United States Marshals Service

## V.    LAW ENFORCEMENT ISSUES FOR COMMISSION REVIEW

The Commission shall initially limit its review and recommendations to those topics enumerated in the Order and this memorandum.  *See* Order, § 3(a)(i)-(xii).  However, the Order authorizes the Attorney General to identify "[o]ther topics related to law enforcement and the control of crime as the Attorney General deems appropriate."  Order, § 3(a)(xiii).  By this memorandum, the Attorney General delegates that authority to the Chair of the Commission, who, in consultation with the Deputy Attorney General, shall regularly evaluate whether to select additional topics or issues for the Commission to study consistent with its mission and purpose.

## VI.    WORKING GROUPS

The Commission shall be assisted in its deliberations by working groups that will provide advice, counsel, and support on the various law enforcement issues the Commission subjects to review and recommendation.  After consultation with the Commission, the Chair and Vice Chair will establish the working groups and select their members.  In selecting working group members, the Chair and Vice Chair shall consider inviting state and local elected officials (or their designees) or subject matter experts from federal agencies such as the Department of Defense, Department of the Interior, Department of Agriculture, Department of Health and Human Services, Department of Homeland Security, and other federal departments and agencies.  Commissioners may also serve on working groups.  The working groups and their members do not constitute the Commission.  Except for Commissioners who may serve on working groups, working group members serve exclusively in a consultative capacity.

Each working group will focus on a specific law enforcement subject relevant to the issues for which the Commission shall review and make recommendations.  Working group subjects include:

1. *Social Problems Impacting Public Safety*: This group shall focus on how certain issues—mental illness, homelessness, and substance abuse—affect law enforcement. The group should focus not on the social problems themselves, but how their prevalence affects law enforcement resources, capacity, and morale.  In doing so, the group should assess how other government resources (e.g. education, business, and social services) can cooperatively tackle the social ills that contribute to crime.

2. *Law Enforcement Recruitment & Training*: This group shall focus on the issues affecting officer recruitment, retention, and training.  The group should specifically evaluate how to improve and increase the enlistment, retention, and training of police officers across the country.

3. *Rural and Tribal Law Enforcement*: This group shall focus on the major issues confronting rural and tribal law enforcement.

4. *Police Officer Health*: This group shall focus on the physical safety and mental health of law enforcement officers.

5. *Grant Programs*: This group shall review the efficacy of federal grant programs in aiding state, local, and tribal law enforcement entities and constructively evaluate optimal use of federal funding for local law enforcement.

6. *Technology*: This group shall focus on how new, innovative, and developing technologies (e.g. encryption, autonomous vehicles, artificial intelligence, unmanned air systems) affect law enforcement in terms of both challenges and opportunities.

7. *Respect for Law Enforcement*: This group shall focus on the trend of diminished respect for law enforcement and the laws they enforce. The group should specifically evaluate how under-enforcement of the criminal law in certain jurisdictions affects:

   - Public safety;
   - Public perception of law enforcement and the laws they enforce;
   - Police resources and morale;
   - The rule of law.

   The group shall also evaluate how to increase respect for law enforcement, how to improve community relations, and how a lack of respect for law enforcement impacts public safety and the rule of law.

8. *Business & Community Development*: This group shall assess the role and influence of commercial businesses and community development organizations in fostering efforts to cultivate prosperous and safe communities.

9. *Reduction of Crime:* This group shall examine and evaluate trends in crime and the current use of targeted deterrence approaches to reduce violent crime, new and developing methodologies, technologies, and approaches for combatting criminal

Case 1:20-cv-01132-JDB   Document 25-5   Filed 05/28/20   Page 7 of 8

Memorandum For Heads of Department Components
Subject:  Commission on Law Enforcement and the Administration of Justice                    Page 6

activity, delinquency, and public disorder. This group shall also focus on the integration of education, employment, social services, and public health services into efforts to reduce crime and ease the burden on law enforcement, courts, and corrections systems.

10. *Criminal Justice System Personnel Intersection:* This group shall examine how police, judges, prosecutors, defense attorneys, and correctional authorities intersect so that the system of criminal justice can enhance its ability to prevent and control crime and serve the victims of crime.

11. *Juvenile Delinquency and Youth Crime:* This group shall focus on juvenile and youth delinquency, which includes examining the causes of youth violence (e.g. family, socioeconomic factors, education) and law enforcement's role as the initial point of contact with the criminal justice system.

12. *Victim Services:* This group shall examine cross-system programs on the federal, state, and local level that leverage criminal justice system professionals to better address the needs of victims of crime (e.g. human trafficking, hate crimes, working with trauma, elderly victims of crime, homeless, youth, victims with limited English proficiency).

13. *Data and Reporting:* This group shall review current data being collected by the federal government as it relates to crime, the criminal justice system and law enforcement (e.g. National Incident-Based Reporting System, Use of Force, Hate Crimes, Uniform Crime Reporting) and evaluate the methodologies on how that data is being collected and how it is being used, and identify any gaps in needed data that is not being collected of relevance to the well-being of law enforcement and crime prevention methods.

14. *Re-Entry Programs and Initiatives*: This group shall focus on how prisoner programming and post-custodial rehabilitation initiatives can reduce recidivism and improve the quality of life for criminal offenders and their communities.

15. *Homeland Security*: This group shall study how law enforcement should address evolving threats to national security in the sphere of domestic and international terrorism.

## VII.    REPORT TO THE ATTORNEY GENERAL

No later than October 28, 2020, the Chair shall submit to the Attorney General the Commission report, which shall consist of a summary of the Commission's actions to investigate the issues identified, an analysis of the information received by the Commission, and the recommendations of the Commissioners.  Within sixty days of submission of the report by the Chair, the Attorney General, following consultation with the Director of the Office of Management and Budget, will submit a report and recommendations to the President.

Memorandum For Heads of Department Components
Subject:  Commission on Law Enforcement and the Administration of Justice          Page 7

## VIII.   TERMINATION

The authority conferred by this memorandum shall terminate upon the termination of the Commission pursuant to section 5 of the Order.

***

This memorandum does not create or confer any rights, substantive or procedural, enforceable at law by any party in any legal proceeding.  The Commission serves exclusively to advise the Attorney General and the President, and does not itself hold or exercise substantive rights of any kind and is not intended to be subject to either the Federal Advisory Committee Act or Administrative Procedure Act.