UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC., <br><br> Plaintiff, <br> v. <br><br> WILLIAM P. BARR, in his official capacity as Attorney General of the United States, <br><br> UNITED STATES DEPARTMENT OF JUSTICE, an agency of the United States, <br><br> PRESIDENTIAL COMMISSION ON LAW ENFORCEMENT AND THE ADMINISTRATION OF JUSTICE, an advisory committee established and utilized by Attorney General William Barr, <br><br> PHIL KEITH, in his official capacity as Chair of the Presidential Commission on Law Enforcement and the Administration of Justice, and <br><br> KATHARINE SULLIVAN, in her official capacity as Vice Chair of the Presidential Commission on Law Enforcement and the Administration of Justice, <br><br> Defendants. | Civil Action No. 20-1132 (JDB) |

**MOTION TO SUPPLEMENT RECORD**

Plaintiff NAACP Legal Defense & Educational Fund, Inc. requests that the Court accept the accompanying Declaration of Ashok Chandran, along with the exhibits attached thereto, into the record in resolving the parties' pending motions for summary judgment. The newly discovered evidence is relevant to the motions pending before the Court, and there is good cause to admit them now. Nor will their admission prejudice any Defendant, as nearly all of the new documents are Defendants' own emails and communications. Defendants do not consent to this motion.

-1-

In resolving motions for summary judgment, district courts enjoy broad discretion in allowing parties to supplement the record. *See, e.g.*, *In re Akers*, 485 B.R. 479, 483 (D.D.C. 2012); *Ramsey v. Moniz*, 75 F. Supp. 3d 29, 47 (D.D.C. 2014). Supplementation is proper when new relevant facts come to light after summary judgment motions have been briefed, or otherwise upon a showing of good cause. *See, e.g.*, *James Madison Project v. Dep't of Justice*, 330 F. Supp. 3d 192, 200–01 (D.D.C. 2018) (noting grant of motion to supplement summary judgment record after cross-motions for summary judgment had been fully briefed); *Doe v. Katy Ind. Sch. Dist.*, No H-17-1060, 2019 WL 5191011, at *1 (S.D. Tex. Oct. 15, 2019) (analyzing motion to supplement summary judgment record for good cause under Rule 16).

Plaintiff seeks to supplement the summary judgment record to add twelve new documents—nearly all of which are Defendants' own materials that Plaintiff obtained through public records requests—that are relevant to the pending motions. These documents contain relevant new facts in the following three categories.

*First*, the newly revealed documents indicate that the final report of the Presidential Commission on Law Enforcement and the Administration of Justice (Commission) is expected to be disseminated in October, underscoring the need for prompt relief from this Court. Indeed, the "plan" is to release the report during the Conference of the International Association of Chiefs of Police scheduled for October 21-23, 2020. *See* Chandran Decl. Ex. K (email dated August 26, 2020, "wrapping up" work of working group and discussing release of Commission's report). It appears that annotated outlines of the report were completed as early as April—before the majority of the Commission's hearings were even conducted, strengthening Plaintiff's claims that the report's conclusions were predetermined—and that the final report was submitted to the Attorney General's office for review by late August. Chandran Decl. Exs. H (noting annotated outline for

report was due April 17, 2020), I (sending out annotated outline, with recommendations, on April 15, 2020), K (noting report has been submitted to the Attorney General).

*Second*, the new documents appear to undermine the assertions of Dean Kueter, a declarant in support of Defendants' cross-motion for summary judgment, that all Commission members and working group members are either acting in their official capacities as state, local, or tribal elected officials or as the designees of such officials. *See* Kueter Decl. ¶ 4 ("[T]he individuals who serve on the working groups are also all either (1) Federal Government officials or (2) elected officers of State, local, and tribal governments, or their designated employees with authority to act on their behalf, acting in their official capacities."). In seeking summary judgment, Defendants asked this Court to rely on Mr. Kueter's declaration, emphasizing the presumption of regularity afforded to certain agency documents. *See* Defs. Reply at 15 n.2. But, as the newly revealed evidence shows, Mr. Kueter was mistaken. At least one working group member—Sergeant Robert Pride, of Loveland, Colorado—has been expressly disavowed as representing the elected officers of his local government. *See* Chandran Decl. Ex. E ("Sgt. Pride is not acting on behalf of the City of Loveland in the course of his employment as a participant of the Presidential Commission."). And it appears that at least one working group includes a member, not listed on the Commission's website, who is not an elected official or their designee but rather a legislative liaison for the Fraternal Order of Police. Chandran Decl. Ex. H (noting addition of Tim Richardson to "Respect for Law Enforcement" working group). Because Mr. Kueter's declaration is the *only* evidence put forth by Defendants to support their assertion that all members of the Commission and working groups are either acting in their official capacities as elected officials or are acting as designees of such officials, the evidence of its contradiction is significant.

*Third*, some newly received documents show the extent of law enforcement interest groups' influence over the Commission's workings—including serving as members of the Commission's working groups and actually drafting portions of the report—emphasizing that Plaintiff's claim regarding the undue influence of special interest groups on the Commission will need further discovery if the Court does not grant Plaintiff summary judgment on its other claims. *See, e.g.*, Chandran Decl. Ex. H (noting addition of Tim Richardson to working group); Ex. J (providing FOP review of proposed legislation to working group).

These new facts are plainly relevant, and there is good cause for submitting them now. Plaintiff only obtained these materials over the last two weeks through a series of public records requests, filed shortly after the Court's order holding discovery in abeyance. Because Plaintiff was unable to introduce this evidence prior to the completion of briefing on the pending motions, and has acted promptly since obtaining it, there is good cause to excuse any delay. *Cf. 2910 Georgia Ave. LLC v. Dist. of Columbia*, 312 F.R.D. 205, 211 (D.D.C. 2015) (noting that newly discovered evidence that could not have been introduced earlier satisfied "good cause" requirements of Rule 16).

Finally, Defendants will not be prejudiced by the introduction of these materials into the summary judgment record. Nearly all of the documents are Commission members' own emails; Defendants cannot claim any surprise or hardship in being required to answer for their contents. *Cf. United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 10 (D.D.C. 2013) (noting that defendants could not establish prejudice when basis for Rule 15 motion was defendants' own newly produced documents). Nor do the newly discovered documents implicate new legal issues or arguments that Defendants have not had the opportunity to brief; rather, they simply present additional factual context for the claims already before the Court. *Cf. Jackson v.*

*Teamsters Local Union 922*, No. 12-cv-2065, 2015 WL 11023790, at *2 (D.D.C. Oct. 26, 2015) (rejecting claims of prejudice, in context of motion for reconsideration, in considering evidence submitted after opposing party's brief had been filed because newly submitted documents created no new arguments or legal theories).

In sum, Plaintiff's newly discovered evidence is relevant to the claims subject to the pending motions before the Court, has been submitted promptly upon discovery, and will not prejudice Defendants in any way. Thus, Plaintiff respectfully requests the Court admit the Declaration of Ashok Chandran and the exhibits attached thereto into the record in resolving the parties' pending motions for summary judgment.

Respectfully submitted,

/s/ *Ashok Chandran*
Samuel Spital
Natasha C. Merle*
Ashok Chandran*
Steven Lance*
NAACP Legal Defense
& Educational Fund, Inc.
40 Rector Street, 5th Fl.
New York, NY 10006
(212) 965-2200
(212) 226-7592 Fax
achandran@naacpldf.org

*Counsel for Plaintiff*

*Admitted Pro Hac Vice

-6-

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed this document with this Court using the CM/ECF system, which provides notice of this filing to all registered CM/ECF users, on the 9th day of September 2020.

<u>/s/ Ashok Chandran</u>
Ashok Chandran
NAACP Legal Defense
& Educational Fund, Inc.
40 Rector Street, 5th Fl.
New York, NY 10006
(212) 965-2200
(212) 226-7592 Fax
achandran@naacpldf.org