UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.,**<br><br>  Plaintiff,<br><br>  v.<br><br>**WILLIAM P. BARR, in his official capacity as Attorney General of the United States, et al.,**<br><br>  Defendants. | Civil Action No. 20-1132 (JDB) |

### ORDER

Upon consideration of [25] plaintiff's motion for summary judgment, [33] defendants' cross-motion to dismiss or, in the alternative, for summary judgment, [40] plaintiff's motion to supplement the record, and the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that [25] plaintiff's motion for summary judgment is **GRANTED**; it is further

**ORDERED** that [33] defendants' cross-motion to dismiss or, in the alternative, for summary judgment is **DENIED**; it is further

**ORDERED** that [40] plaintiff's motion to supplement the record is **GRANTED**; it is further

**ORDERED** that writs of mandamus hereby **ISSUE** to the Presidential Commission on Law Enforcement and the Administration of Justice, and to Phil Keith and Katharine Sullivan as officers of the Commission, in accordance with the accompanying Memorandum Opinion. The Commission and its officers shall file a charter with the Attorney General, the relevant standing committees of the U.S. Senate and of the U.S. House of Representatives, the Library of Congress,

and the Committee Management Secretariat of the General Services Administration, pursuant to 5 U.S.C. app. 2 § 9(c) and 41 C.F.R. § 102-3.70(a).  The Commission and its officers shall also provide notice of any future meeting in the Federal Register at least fifteen days before the meeting is held, pursuant to 5 U.S.C. app. 2 § 10(a)(2) and 41 C.F.R. § 102-3.150(a); it is further

**ORDERED** that the Attorney General shall designate a federal officer or employee who must be employed with the federal government either full-time or permanent part-time to be the designated federal officer for the Commission, pursuant to 5 U.S.C. app. 2 § 10(e) and 41 C.F.R. § 102-3.120; it is further

**ORDERED** that the parties shall submit proposed remedial orders consistent with the accompanying Memorandum Opinion, along with any supporting briefs, not to exceed twelve pages, by not later than October 9, 2020; that any oppositions, not to exceed eight pages, shall be filed by not later than October 14, 2020; and that any replies, not to exceed five pages, shall be filed by not later than October 16, 2020.  Given that the Court has concluded that plaintiff is entitled to injunctive relief requiring the Attorney General and the Department of Justice to ensure the Commission has a fairly balanced membership, as explained in the accompanying Memorandum Opinion, the parties' proposed orders shall include proposals for the precise content of that injunction, and may include proposals for any other appropriate relief, including any request for a permanent "use injunction" as described in the accompanying Memorandum Opinion; it is further

**ORDERED** that until the requirements of the Federal Advisory Committee Act ("FACA") have been satisfied, as explained in the accompanying Memorandum Opinion, the Commission shall not hold further meetings, sessions, or hearings, or conduct any official business; it is further

**ORDERED** that until the requirements of FACA have been satisfied, defendants shall not submit, accept, publish, employ, or rely upon any report or recommendations produced by the

Commission; and it is further

**ORDERED**, **ADJUDGED**, and **DECLARED** that the Commission is an advisory committee subject to the requirements of FACA and is not exempt from FACA under 2 U.S.C. § 1534(b); that the Commission has violated FACA by failing to file a charter with the necessary entities, as required by 5 U.S.C. app. 2 § 9(c) and 41 C.F.R. § 102-3.70(a), and by failing to provide timely notice of each meeting in the Federal Register, as required by 5 U.S.C. app. 2 § 10(a)(2) and 41 C.F.R. § 102-3.150(a); and that Attorney General William P. Barr has violated FACA by failing to select a designated federal officer for the Commission, as required by 5 U.S.C. app. 2 § 10(e) and 41 C.F.R. § 102-3.120, and by failing to ensure the Commission's membership is fairly balanced in terms of the points of view represented and the functions to be performed, as required by 5 U.S.C. app. 2 § 5(b)(2).

**SO ORDERED.**

/s/
JOHN D. BATES
Senior United States District Judge

Dated:  October 1, 2020