**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC., | ) ) ) ) |
| *Plaintiff*, | ) ) Case No. 1:20-cv-1132-JDB |
| v. | ) ) ) |
| WILLIAM F. BARR, in his official capacity as Attorney General of the United States, *et al.*, | ) ) ) ) ) |
| *Defendants*. | ) ) ) |

**DEFENDANTS' REPLY MEMORANDUM ON REMEDIES**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

I.      LDF LACKS STANDING TO OBTAIN A USE INJUNCTION. ..................................... 1

II.     A USE INJUNCTION IS NOT WARRANTED. ................................................................. 3

III.    MODIFICATION OF THE COURT'S ORDER IS APPROPRIATE... ............................. 5

CONCLUSION ................................................................................................................................ 5

**INTRODUCTION**

The Court should not issue the unprecedented use injunction that LDF seeks. No court in this Circuit has issued such an injunction following *National Resources Defense Council v. Pena*, 147 F.3d 1012 (D.C. Cir. 1998) ("*NRDC*"), and LDF offers no valid reason for this Court to be the first. Indeed, a use injunction would be improper because LDF lacks standing to obtain that remedy. It would also would waste the millions of dollars in public resources and thousands of hours of effort by Commissioners, working group members, and interested organizations and individuals who contributed to the Commission's work over the better part of the last year—waste could have been largely avoided had LDF pursued its request for an equitable remedy diligently. This Court's declaratory judgment that the Commission has not complied with FACA is already sufficient to promote the statute's purposes, and no further remedy is warranted.

**ARGUMENT**

**I.     LDF LACKS STANDING TO OBTAIN A USE INJUNCTION.**

LDF argues that, absent a use injunction, it may be injured by "an increased likelihood that [the Commission's] recommendations will be inaccurate." Pl.'s Remedies Response at 3. Yet, the D.C. Circuit and other courts have long held that mere reports, which do not constitute final agency action, do not determine any rights or obligations. *See, e.g.*, *Indus. Safety Equip. Ass'n, Inc. v. EPA*, 837 F.2d 1115, 1118 (D.C. Cir. 1998); *Guerrero v. Clinton*, 157 F.3d 1090 (9th Cir. 1998); *Invention Submission Corp v. Rogan*, 357 F.3d 452, 453 (4th Cir. 2004). Indeed, Defendants are unaware of any case holding that the potential inaccuracy of a report provides the concrete harm necessary to establish standing, and LDF cites none. LDF simply has no protected interests that would be injured by any disagreement with the contents of the Commission's report. Even if it did have a cognizable interest, there would be no injury given the Court's declaratory judgment and LDF's ability to contest any alleged inaccuracies in the public forum.

1

LDF's argument is hardly different from the *NRDC* plaintiffs' claim that they had standing because they were "denied their rights to contemporaneous access to the workings of the [Internal Confinement Fusion] Committee" and, absent a violation of FACA, could have "played the public oversight role for which FACA is designed."  *NRDC*, 147 F.3d at 1022.  Indeed, the *NRDC* plaintiffs—environmental groups who sought to weigh-in on the readiness of a facility designed to house a self-sustaining fusion reaction facility—alleged a far more concrete and substantial injury than LDF, based on the proposed construction of that facility.  Yet, the D.C. Circuit still remanded the remedies question to the district court for consideration of whether a use injunction was warranted, while also indicating that other, less draconian measures constitute "'effective relief' for FACA violations."  *Id.* at 1026 n.6.  Contrary to LDF's claim, this case is also nothing like *Public Citizen v. Department of Justice*, 419 U.S. 450 (1989), which involved only informational injuries and did not address standing to obtain a use injunction.  *See id.* at 450–51.

LDF's argument that it would be injured by potential inaccuracies is also baseless given the Commission's extensive fact-finding that involved broad participation by interested organizations.  *See* Defs.' Remedies Mem. at 6–7.  And LDF does not explain how or why a different composition of the Commission would result in a more factually accurate report in light of LDF's and other organizations' opportunity to inform the Commission's deliberations.

It is also notable that LDF now explicitly disclaims any request for injunctive relief requiring the disclosure of any documents or records.  *See* Pl.'s Remedies Response at 2 ("here, Plaintiff does not seek the disclosure of documents and records as part of its request.").  In light of that concession, the Court should not adopt the portions of LDF's proposed order related to "Public Transparency and Production of Commission Documents."  *See* Pl.'s Proposed Remedial Order at 3.  LDF also tries to distinguish *NRDC* on the basis that, unlike the plaintiffs in that case, it does

not seek documents.  But LDF does not explain how its choice not seek documents bears on whether it has as standing.  The fact that LDF does not seek one type of relief hardly means that it has standing to obtain a different one.  *See Friends of the Earth, Inc. v. Laidlaw Envt'l Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000) (litigants must "demonstrate standing separately for each form of relief sought").

## II.      A USE INJUNCTION IS NOT WARRANTED.

Although LDF insists that it is "entitled" to a use injunction, Pl.'s Remedies Response at 3, LDF continues to ignore that no court in this Circuit has ever prohibited a committee from releasing its report, and that, other than the district court in *NRDC*, no court in this Circuit has ever enjoined the government from using a committee report.  Nor has any court in this Circuit ever ordered the government to add members to a FACA committee.  This case presents no occasion to break new ground.

LDF's own delay in seeking equitable relief precludes an injunction.  The D.C. Circuit in *NRDC* admonished that, "[i]f the plaintiff has failed *to prosecute its claim for equitable relief promptly*, and if it has no reasonable explanation for its delay, the district court should be reluctant to award relief." 147 F.3d at 1026 (emphasis added).  Here, LDF failed to prosecute its claim for equitable relief promptly, and it has no reasonable explanation for its delay.  LDF's central contention is that the composition of the Commission—as dictated by the Executive Order issued in October 2019—violated FACA.  Yet, LDF waited six months to bring suit and made no attempt to obtain equitable relief before the Commission's work was essentially finished.  It is irrelevant that LDF put the government "on notice" of its position, because *NRDC* required that it prosecute its claim for equitable relief in a timely way.

Further, a use injunction that prohibits the Committee from releasing its report would present serious First Amendment issues, as Defendants have explained and as the district court in

3

*NRDC* acknowledged. *See NRCD*, 147 F.3d at 1016; *see also* Defs.' Remedies Mem. at 5, 10. To the degree the Court's injunction were to prohibit the Attorney General from communicating the Commission's recommendations to the President, it would also raise separation-of-powers concerns. *See* Defs.' Remedies Response at 4 n.1. Indeed, any type of use injunction in this case is unwarranted under *NRDC*, given the significant waste of resources that would result and the public and the press's involvement in the Commissions' proceedings.

LDF flyspecks the Commission's expenditures, questioning when they occurred and whether they were actually necessary, in an attempt to argue that a use injunction would not, in fact, result in a waste of public resources. *See* Pl.'s Remedies Response at 4–5. Yet, LDF offers no legitimate basis to question the written testimony of Dean M. Kueter, Jr. that the Commission's work to-date has cost taxpayers approximately $4 million in staffing and contractor expenses. That estimate does not reflect the months of work by Commissioners, working group members, staff, and contractors, or the time and expenses of the many witnesses and third parties who contributed to the Commission's efforts. Thus, there is no doubt that the preparation of the Commission's report "has already consumed millions of dollars," which weighs heavily against a use injunction. *Cal. Forestry Ass'n v. U.S. Forest Serv.*, 102 F.3d 609, 614 (D.C. Cir. 1996). The waste that would result from a use injunction is particularly acute given that LDF asked for a decision from this Court only by the time the Commission's work would be nearly complete and proposed that remedies briefing occur only after a ruling on the merits. Had LDF wanted to halt the Commission's work and diligently pursued its claims, it could have moved for emergency equitable relief—which, if granted, would have been immediately appealable. But LDF simply chose not to do so.

LDF is also incorrect to argue either that it has had "no opportunity" to engage with the testimony of the Commissions work, or that the Commission's efforts have not been subject to public scrutiny. *See* Pl.'s Remedies Response at 7. As Defendants have explained, the Commission heard from a wide array of different voices, including LDF's, when working toward its recommendations, and the Commission's and the working group's hearings were open to the press. *See* Defs.' Remedies Response at 6–7. Nor are Defendants attempting to "cloak" the Commission's recommendations in "the 'political legitimacy' conferred by recommendations from an advisory committee," as LDF claims. Pl.'s Remedies Response at 8. The Court has already entered a declaratory judgment, which allows LDF (and others) to point to the Commission's non-compliance when considering the Commission's recommendations.

## III.  MODIFICATION OF THE COURT'S ORDER IS APPROPRIATE

LDF also fails to provide any convincing reason for the Court to leave in place the portions of its order requiring Defendants to comply with FACA's procedural requirements. LDF claims that the need for a charter, publicly notice its meetings, and the appointment of a designated federal official is particularly acute "in light of Plaintiff's proposed remedy requiring new Commission members be given the opportunity to conduct hearings and engage in fact finding." Pl.'s Remedies Response at 8. But LDF ignores the terms of the Executive Order, which would not allow Defendants to reconstitute the Commission with non-government officials. *See* 84 Fed. Reg. at 58,595. The Commission's meetings and fact-finding are complete and will not resume with additional or different members. There is therefore no reason for the Court to now require Defendants to satisfy the portions of FACA that provide prospective notice as to the work of advisory committees.

## CONCLUSION

For the foregoing reasons, Defendants ask the Court reject to LDF's proposed order.

5

Dated: October 16, 2020                                Respectfully submitted,

                                                       JEFFREY BOSSERT CLARK
                                                       Acting Assistant Attorney General

                                                       JOHN V. COGHLAN
                                                       Deputy Assistant Attorney General

                                                       ELIZABETH J. SHAPIRO
                                                       Deputy Branch Director

                                                       */s/ Bradley P. Humphreys*
                                                       BRADLEY P. HUMPHREYS
                                                       Trial Attorney, U.S. Department of Justice
                                                       Civil Division, Federal Programs Branch
                                                       1100 L Street, N.W.
                                                       Washington, D.C. 20005
                                                       Tel.: (202) 305-0878
                                                       E-mail: Bradley.Humphreys@usdoj.gov

                                                       *Counsel for Defendants*