UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.,<br><br>     Plaintiff,<br>v.<br><br>WILLIAM P. BARR, in his official capacity as Attorney General of the United States,<br><br>UNITED STATES DEPARTMENT OF JUSTICE, an agency of the United States,<br><br>PRESIDENTIAL COMMISSION ON LAW ENFORCEMENT AND THE ADMINISTRATION OF JUSTICE, an advisory committee established and utilized by Attorney General William Barr,<br><br>PHIL KEITH, in his official capacity as Chair of the Presidential Commission on Law Enforcement and the Administration of Justice, and<br><br>KATHARINE SULLIVAN, in her official capacity as Vice Chair of the Presidential Commission on Law Enforcement and the Administration of Justice,<br><br>     Defendants. | Civil Action No. 20-1132 (JDB) |

**PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S
PROPOSED REMEDIAL ORDER**

## **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ........................................................................................................................ 1

I. THE COMMISSION MUST BE RECONSTITUTED TO BE FAIRLY BALANCED. ...................................................................................................................1

II. A USE INJUNCTION WOULD NOT RESULT IN WASTE. ..........................................2

III. DEFENDANTS' PROPOSAL FORECLOSES PUBLIC ACCOUNTABILITY AND PARTICIPATION IN THE COMMISSION'S WORK. ............................................3

IV. DEFENDANTS' PROPOSAL WOULD MAKE FACA A NULLITY. .............................5

CONCLUSION ..............................................................................................................................5

# INTRODUCTION

Plaintiff's proposed remedy would allow for the Commission to comply with FACA and then submit its recommendations to the Attorney General. Plaintiff is not seeking a permanent use injunction, but only a use injunction until the Commission complies with FACA, which the Commission can still do. *See Natural Res. Def. Council v. Pena*, 147 F.3d 1012, 1022 (D.C. Cir. 1998) ("*NRDC*") (emphasizing this distinction). Defendants' proposal, on the other hand, would result in only a declaratory judgment that their previous conduct violated FACA—and would allow the Commission to finish its work uninterrupted by FACA's requirements. This is an inadequate remedy for Plaintiff's injury, and given the Commission is still operational, it should not be granted such a pass to continue its violations. Plaintiff respectfully requests this Court enter Plaintiff's proposed order to ensure Defendants comply with all provisions of FACA prior to releasing its report and recommendations. To deny such relief would render FACA's protections illusory.

## I. THE COMMISSION MUST BE RECONSTITUTED TO BE FAIRLY BALANCED.

Plaintiff's proposed remedial order details how the Commission can fulfill this Court's order "requiring defendant Barr to ensure the Commission has a fairly balanced membership." Dkt. No. 45 at 43. Defendants resist any change to the Commission's membership, arguing that the Executive Order 13,896, 84 Fed. Reg. 58,595 ("E.O.") prevents them from creating a fairly balanced commission. Dkt. No. 48 at 3. This is wrong for two reasons.

*First*, Defendants mischaracterize the E.O. It does not "specif[y] that the Commission's membership would consist solely of government officials." Dkt. No. 48 at 3. Instead, it states that the "Attorney General shall determine the composition of . . . the Commission." E.O. § 2(b). Nowhere does the E.O. prohibit non-government officials from being Commission members. *Second*, even if the government's interpretation of the E.O. was correct, which it is not, the E.O. cannot trump FACA's requirements. *See Am. Fed'n of Gov't Employees, AFL-CIO v. Trump*, 318

F. Supp. 3d 370, 393 (D.D.C. 2018) ("[T]he President . . . acts in excess of his statutory authority if the orders that he issues conflict with a federal statute."), *rev'd on other grounds*, 929 F.3d 748 (D.C. Cir. 2019). Indeed, the E.O. itself recognizes that it "shall be implemented consistent with applicable law. . . ." E.O. § 6(b). This includes FACA's fairly balanced provision.

## II.    A USE INJUNCTION WOULD NOT RESULT IN WASTE.

Plaintiff's proposed injunction would allow a newly comprised Commission to use much, if not all, of the Commission's work product and gathered evidence. *See* Dkt. No. 46 at 11. Defendants' concerns of duplication of efforts are unwarranted and premature. Dkt. No. 48 at 6. After a properly constituted Commission reviews the testimony and materials previously relied upon, it will decide whether additional hearings are necessary in developing recommendations.

Moreover, Defendants' assertions about waste are due little weight when they are the result of Defendants' wholesale disregard of FACA even after Plaintiff specifically put them on notice of the violations. Beginning in March 2020, LDF sent the Commission two letters, filed the instant lawsuit and moved for pre-answer summary judgment. At least one Commission member and two working group members echoed the concerns set forth in LDF's letters. Any serious consideration of FACA's requirements this spring would have mitigated the vast majority of the Commission's expenses, as most of the Commission's activities occurred after March.

Contrary to Defendants' representations, the Commission's obligations were not "uncertain," nor was its noncompliance up for reasonable debate. The Court held that the "Commission clearly fails the second prong of the UMRA exemption." Dkt. No 45 at 30. For this reason alone, which Defendants ignore, the Commission was covered by FACA. And given the

facts here—involving "more than twenty non-covered participants,"[1] the Court held it was also "clear" the Commission also failed UMRA's first prong. *Id*. at 36.

Defendants also claim that an injunction is unwarranted because LDF did not seek "emergency relief." Dkt. No. 48 at 3. But they cite no case suggesting a preliminary injunction is the only way a plaintiff can seek to promptly vindicate its rights. Here, in stark contrast to *NRDC*, Plaintiff filed its complaint and motion for pre-answer summary judgment months prior to the completion of Commission meetings and finalization of the report. *NRDC*, 147 F.3d at 1015. And it was not until the Attorney General announced the Commission members in late January, *see* Dkt. No. 33-2, the Commission held its first closed-door meeting in late February, and Defendants abruptly shortened the deadline for public comment in March that the extent of the Commission's FACA violations became apparent. As noted above, Defendants are simply wrong in asserting that the fair-balance violation was clear at the time of the Executive Order, as that Order does not limit participation to law enforcement officers or government officials. E.O. § 2(b). Nor did that Order telegraph the Commission's disregard for FACA's public notice and access requirements.

### III. DEFENDANTS' PROPOSAL FORECLOSES PUBLIC ACCOUNTABILITY AND PARTICIPATION IN THE COMMISSION'S WORK.

A use injunction may be inappropriate if "the FACA violation appears to have had little deleterious effect on the committee's output and accountability and the public's participation." *NRDC*, 147 F.3d at 1026. That is not the case here. The "Commission proceedings have been far from transparent," Dkt. No. 45 at 2, and the Commission's numerous FACA violations have denied even a semblance of balance and fundamentally undermined the reliability of its report.

---

[1] Defendants' submissions have made clear that the number is likely far higher than twenty non-covered participants. *See* Dkt. No. 47-1 ¶ 3 (noting 181 third-party witnesses testified).

Defendants do not dispute that the Commission consists exclusively of law enforcement officials, or that the Commission had begun finalizing its recommendations before the vast majority of hearings were held. *See, e.g.*, Dkt. No 40-3. With no meaningful public participation or oversight, the Commission's report seems to "be cover for a predetermined agenda that ignores the lessons of the past, furthering failed tough-on-crime policies." Dkt. No. 46 at 8. This opacity is particularly troubling given the current national conversation on racial justice and civil rights issues involving law enforcement. *Cf.* Dkt. No. 45 at 2.

Defendants point to the availability of "many" Commission documents to assert there has been adequate opportunities for public participation. Dkt No. 47 at 7. That is insufficient. *First*, Defendants' submissions make clear that significant portions of the Commission's records are not publicly available: documents from nine Commission panels, and hundreds of Commission working group meetings, are not even *mentioned* the Commission's website. At least one hearing—February 27—still does not have a publicly available transcript. All Commission documents must be made available. *Further*, making materials available online after the fact does not allow the public to "participate" in the Commission's work. Defendants still do not explain how a member of the public could respond to testimony or recommendations discussed at hearings.

Nor is a limited use injunction[2] or declaratory judgment sufficient for LDF to challenge the Commission's recommendations in the public forum. Dkt. No. 48 at 3. First, the Commission has additional work to complete, during which a declaratory judgment or limited use injunction will not allow Plaintiff to challenge its ongoing illegal operations. Dkt. No. 47-1 ¶ 11. Second, a number

---

[2] Should the Court enter a limited use injunction, it should reject Defendants' vague and misleading proposed language. Dkt. No. 47 at 11. The language must accurately describe the scope and degree of the Commission's violations and explain the recommendations do not carry the weight of a fairly balanced commission with public accountability and participation.

4

of the Commission's recommendations, such as urging the DOJ to file amicus briefs supporting qualified immunity expansion, an issue which has come into the forefront of the country in 2020, can be implemented without public input. Finally, declaratory judgment is simply no substitute for injunctive relief in the face of an ongoing and future violations of the law; that is precisely the purpose of this Court's equitable powers. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953) ("The purpose of an injunction is to prevent future violations.").

## IV.     DEFENDANTS' PROPOSAL WOULD MAKE FACA A NULLITY.

If this Commission's violations of numerous FACA provisions are insufficient to sustain a use injunction, it is hard to imagine a set of facts that would. The Commission was on notice—both from Plaintiff and from its own members—of its potential illegality and chose for months to continue violating FACA. The Commission's violations were not discrete or minor; rather, flagrantly ignoring the statute's requirements was central to the Commission's functioning. Plaintiff is not aware of—nor have Defendants identified—a single case in which an advisory committee has similarly flouted FACA's requirements. Other courts have granted use injunctions in cases involving far less serious or repeated violations. *See* Dkt. No. 46 at 7 (collecting cases).[3]

Nor is this a case where injunctive relief would serve no useful end. The Commission's work remains ongoing, and its report has not yet been transmitted to the Attorney General or the President, providing an opportunity for meaningful relief.

## CONCLUSION

For the foregoing reasons, LDF requests this Court enter its proposed order.

---

[3] Plaintiff mistakenly stated that *National Anti-Hunger Coalition v. Executive Committee of President's Private Sector Survey on Cost Control*, 566 F. Supp. 1515 (D.D.C. 1983), included a use injunction. Dkt. No. 48 at 7.

Dated: October 16, 2020               Respectfully submitted,

/s/ Natasha C. Merle
Samuel Spital, Bar No. SS4839
Natasha C. Merle*
Ashok Chandran*
Steven Lance*
**NAACP LEGAL DEFENSE AND EDUCATIONAL FUND, INC.**
40 Rector St., 5th Floor
New York, NY 10006
Tel.: (212) 965-2200
Fax.: (212) 226-7592
sspital@naacpldf.org
nmerle@naacpldf.org
achandran@naacpldf.org
slance@naacpldf.org

*admitted *pro hac vice*