UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**WILLIAM P. BARR, in his official capacity as Attorney General of the United States, et al.,**<br><br>    **Defendants.** | Civil Action No. 20-1132 (JDB) |

## ORDER

The Court has determined that the Presidential Commission on Law Enforcement and the Administration of Justice ("Commission") is subject to the Federal Advisory Committee Act ("FACA") and that defendants violated several of FACA's requirements. See Oct. 1, 2020 Mem. Op. [ECF No. 45]. Specifically, the Commission and its officers violated FACA by failing to file a charter with the required entities and provide timely notice of each meeting in the Federal Register, and Attorney General William P. Barr violated FACA by failing to select a designated federal officer for the Commission and failing to ensure the Commission's membership is fairly balanced in terms of the points of view represented and the functions to be performed. The Court noted that "[t]he Commission's function is to improve policing, including relations between law enforcement and the communities they protect. Yet the Commission does not include a single member who represents elements of those communities, rather than law enforcement." Id. at 42. And the Court was "hard pressed to think of a starker example of non-compliance with FACA's fair balance requirement than a commission charged with examining broad issues of policing in today's America that is composed entirely of past and present law enforcement officials." Id.

1

Having found clear violations of FACA, the Court granted plaintiff's motion for summary judgment, issued a declaratory judgment, ordered defendants to comply with FACA, temporarily halted Commission proceedings, and temporarily enjoined defendants from releasing any report or recommendations produced by the Commission.  See Oct. 1, 2020 Order [ECF No. 44].  The Court also directed the parties to file supplemental briefing and proposed orders as to further injunctive relief.  Id.  This Order, which takes that briefing into account, overrides the Court's previous Order and includes all operative relief in this case.

Upon consideration of the parties' proposed remedial orders and supporting briefs, and the entire record herein, and for the reasons stated in the accompanying Memorandum Opinion and the Court's October 1, 2020 Memorandum Opinion, it is hereby

**ORDERED**, **ADJUDGED**, and **DECLARED** that the Commission is an advisory committee subject to the requirements of FACA and is not exempt from FACA under 2 U.S.C. § 1534(b); that the Commission has violated FACA by failing to file a charter with the necessary entities, as required by 5 U.S.C. app. 2 § 9(c) and 41 C.F.R. § 102-3.70(a), and by failing to provide timely notice of each meeting in the Federal Register, as required by 5 U.S.C. app. 2 § 10(a)(2) and 41 C.F.R. § 102-3.150(a); and that Attorney General William P. Barr has violated FACA by failing to select a designated federal officer for the Commission, as required by 5 U.S.C. app. 2 § 10(e) and 41 C.F.R. § 102-3.120, and by failing to ensure the Commission's membership is fairly balanced in terms of the points of view represented and the functions to be performed, as required by 5 U.S.C. app. 2 § 5(b)(2); it is further

**ORDERED** that defendants are enjoined from publishing, releasing, or transmitting any unrestricted copy of all, or a portion, of any report produced by the Commission, either in hardcopy or any other written or electronic media, unless they first comply with FACA's provisions as

follows:

(1) The Commission and its officers shall file a charter with the Attorney General, the relevant standing committees of the U.S. Senate and of the U.S. House of Representatives, the Library of Congress, and the Committee Management Secretariat of the General Services Administration, pursuant to 5 U.S.C. app. 2 § 9(c) and 41 C.F.R. § 102-3.70(a).

(2) The Commission and its officers shall provide notice of any future meeting in the Federal Register at least fifteen days before the meeting is held, pursuant to 5 U.S.C. app. 2 § 10(a)(2) and 41 C.F.R. § 102-3.150(a).

(3) The Attorney General shall designate a federal officer or employee who must be employed with the federal government either full-time or permanent part-time to be the designated federal officer for the Commission, pursuant to 5 U.S.C. app. 2 § 10(e) and 41 C.F.R. § 102-3.120.

(4) The Attorney General shall take steps necessary to ensure the membership of the Commission is fairly balanced in terms of the points of view represented and the functions to be performed, consistent with 5 U.S.C. app. 2 § 5(b)(2), 41 C.F.R. § 102-3.60(b)(3), and 41 C.F.R. § 102-3, subpt. B, app. A.  The Attorney General shall also ensure that new members have the opportunity to meaningfully participate in the Commission's work.

It is further **ORDERED** that if defendants publish, release, or transmit any copy of all, or a portion, of any report produced by the Commission (or refer to the Commission's recommendations), either in hardcopy or any other written or electronic media, without first satisfying the requirements of FACA as detailed above, then defendants must include the following statement (in at least the same size print as the rest of the text) near the beginning of the report or reference:

Although the Commission which prepared this Report was subject to the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. 2, a United States District Court judge has found that the Department of Justice ("DOJ") and the Commission's officers violated FACA in forming and operating the Commission. In particular, DOJ and the Commission did not comply with FACA's requirements to ensure the Commission's membership is fairly balanced in terms of the points of view represented, file a charter, select a designated federal officer, or provide timely notice of meetings in the Federal Register. For additional detail, the remedial order of the United States District Court that issued this decision is attached to the Commission's Report.

It is further **ORDERED** that, by not later than November 16, 2020, the parties shall submit a joint status report that addresses compliance with this Order and provides a proposal (or separate proposals, if they cannot agree) for further proceedings concerning plaintiff's claims that were not resolved on summary judgment.

**SO ORDERED.**

/s/
JOHN D. BATES
Senior United States District Judge

Dated: November 2, 2020