UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC., <br><br> Plaintiff, <br> v. <br><br> WILLIAM P. BARR, in his official capacity as Attorney General of the United States, <br><br> UNITED STATES DEPARTMENT OF JUSTICE, an agency of the United States, <br><br> PRESIDENTIAL COMMISSION ON LAW ENFORCEMENT AND THE ADMINISTRATION OF JUSTICE, an advisory committee established and utilized by Attorney General William Barr, <br><br> PHIL KEITH, in his official capacity as Chair of the Presidential Commission on Law Enforcement and the Administration of Justice, and <br><br> KATHARINE SULLIVAN, in her official capacity as Vice Chair of the Presidential Commission on Law Enforcement and the Administration of Justice, <br><br> Defendants. | Civil Action No. 20-1132 (JDB) |

JOINT STATUS REPORT

Plaintiff NAACP Legal Defense & Educational Fund, Inc. ("Plaintiff" or "LDF") and

Defendants William P. Barr, in his official capacity as Attorney General of the United States;

United States Department of Justice, an agency of the United States; Presidential Commission on

Law Enforcement and the Administration of Justice; Phil Keith, in his official capacity as Chair

of the Presidential Commission on Law Enforcement and the Administration of Justice; and

Katharine Sullivan, in her official capacity as Vice Chair of the Presidential Commission on Law Enforcement and the Administration of Justice (collectively, "Defendants"), by undersigned counsel, submit this joint status report pursuant to the Court's Order dated November 2, 2020 [ECF 53].

## I.   Procedural Background

<u>Plaintiff's Statement</u>

Plaintiff filed its Original Complaint [ECF No. 1] on April 30, 2020, and a First Amended Complaint [ECF No. 26] on May 29, 2020, alleging that Defendants failed to comply with several provisions of the Federal Advisory Committee Act ("FACA"), 5. U.S.C. app. 2. On May 28, 2020, Plaintiff moved for summary judgment on its claims that Defendants had violated FACA because "the Commission is not fairly balanced, has not provided timely notice in the Federal Register, and has not published a charter or designated a federal officer for the Commission." Pl.'s Mot for Summ. J. at ¶ 7 [ECF No. 25]; *see* Mem. of Law in Supp. of Pl.'s Mot. for Summ. J. [ECF No. 25-2]. On June 29, 2020, Defendants moved to dismiss Plaintiff's Amended Complaint, or, in the alternative, cross-moved for summary judgment. Opp'n to Pl.'s Mot. for Summ. J. & Mem. in Supp. of Defs.' Cross-Mot. to Dismiss or, in the Alternative, for Summ. J. [ECF. No. 33-1].

On October 1, 2020, after oral argument, the Court granted summary judgment to Plaintiff and denied Defendants' motion. *See* Ord. [ECF No. 44]; Mem. Op. [ECF No. 45]. In doing so, the Court also ordered briefing on remedies, which the Parties subsequently filed. On November 2, 2020, the Court issued a Memorandum Opinion [ECF No. 54] and Order [ECF No. 53] enjoining Defendants from "publishing, releasing, or transmitting any unrestricted copy of all, or a portion, of any report produced by the Commission, . . . unless they first comply with FACA's provisions," or, in the alternative, ordering that if Defendants chose to publish, release, or transmit the report,

such report must include a statement near the beginning of the report in at least the same size print as the rest of the text, as follows:

> Although the Commission which prepared this Report was subject to the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. 2, a United States District Court judge has found that the Department of Justice ("DOJ") and the Commission's officers violated FACA in forming and operating the Commission. In particular, DOJ and the Commission did not comply with FACA's requirements to ensure the Commission's membership is fairly balanced in terms of the points of view represented, file a charter, select a designated federal officer, or provide timely notice of meetings in the Federal Register. For additional detail, the remedial order of the United States District Court that issued this decision is attached to the Commission's Report.

> Ord. at 4 [ECF No. 53].

The Court also ordered the Parties to submit a joint status report no later than November 16, 2020, addressing compliance with the Court's Order and providing "a proposal (or separate proposals, if they cannot agree) for further proceedings concerning plaintiff's claims that were not resolved on summary judgment." *Id.*

On November 12, 2020, counsel for the Parties met and conferred telephonically to discuss compliance with the Court's Order and further proceedings concerning Plaintiff's remaining claims.

Based on Defendants' representations during the November 12, 2020 telephone call, Plaintiff understood Defendants to suggest that the following three categories of documents would be made publicly available pursuant to FACA, subject to documents being withheld for specific reasons:

a.   Drafts of the Commission's report and recommendations, as well as drafts of any section or sections thereof;

b.      Documents provided to Commissioners or staff or consultants supporting the Commission's work by any individual or entity in connection with the drafting of the Commission's report and recommendations; and

c.      Written communications or written records of other communications among one or more Commissioners or among any combination of Commissioners and staff or consultants supporting the Commission's work, including all attachments thereto.

In preparing this joint status report, however, Defendants informed Plaintiff that they do not agree these are the categories of documents FACA may require be disclosed and have provided no indication why these are no longer the categories. Defendants have also declined to edit the language to be consistent, in their view, with the discussion the Parties had.

<u>Defendants' Statement</u>

The Court is already familiar with the procedural history of this case, which is reflected in the Court's recent opinions and orders.  See Oct. 1, 2020 Mem. Op. [ECF No. 45] at 3–10; Oct. 1, 2020 Order [ECF No. 44]; Nov. 2, 2020 Mem. Op. [ECF No. 54] at 1-2; Nov. 2, 2020 Order [ECF No 44].  Defendants disagree with LDF's understanding of the parties' November 12, 2020 discussion, and further disagree that all of the documents described by LDF are subject to the public records disclosure requirement in Section 10(b).  Yet, in any event, Defendants do not believe that this joint status report—which the Court instructed should "provide[] a proposal (or separate proposals, if the parties cannot agree)" on how this litigation should proceed, [ECF No. 53] at 4—is the appropriate venue to litigate the merits of LDF's public records claim, which LDF did not pursue in its prior motion for summary judgment.

II.     **LDF's Public Records Claim**

Plaintiff's Statement

As this Court has recognized, FACA requires an advisory committee such as the Commission to "make its records and drafts publicly available," which the Commission has failed to do. *See* Mem. Op. at 5 [ECF No. 45]. Yet, it appears that Defendants have only recently begun attempting to comply with this FACA provision. Their argument that Plaintiff delayed in seeking relief on this specific provision is immaterial. Defendants have known at least since October 1, 2020, that the Commission is subject to FACA and must thus ensure public access to Commission documents. Mem. Op. [ECF No. 45]. Defendants' proposal to *begin* producing these documents with an "initial public release of materials" on December 14, 2020, *see infra*, should be rejected as unjustifiably dilatory.

Defendants have identified no basis for failing to identify, collect, and produce covered records over the six weeks since this Court ruled that FACA applies to the Commission. Many of the Commission's documents are easily available and should be produced immediately. For example, records, including transcripts, from a June 16, 2020 meeting in which "Attorney General William P. Barr met with the Presidential Commission on Law Enforcement and the Administration of Justice to discuss the current status of their progress regarding their final report due October 2020"[1] should be made available on the Commission's website, as have other Commission hearing documents. Additionally, a complete draft of the Commission's report has been in Defendants' possession since at least August 26, 2020, and must be made available. Ex. K to Chandran Decl. at 2 [ECF No. 40-12] (Katherine McQuay of the Department of Justice

---

[1] Dept. of Justice, *Readout from Attorney General William P. Barr's Meeting with the Presidential Commission on Law Enforcement and the Administration of Justice* (June 17, 2020) (on file with LDF).

informing Commission members that "[t]he draft report has now gone to the Office of the Attorney General"); 5 U.S.C. app. 2 § 10(b) (noting that "drafts" of committees' work must be publicly available).[2] Defendants have provided no explanation as to why these documents cannot be produced until December 14. Nor should Defendants need an additional month to even identify the categories of documents they must produce; they have already done so at the parties' attempt to meet and confer, only to now inexplicably disagree with those categories.

Moreover, Defendants' decision to immediately publish the Commission's report necessitates expeditious production of documents. Defendants have represented to Plaintiff that they intend to release the Commission's entire report in full within the next one to two weeks. The Commission's documents may further support Plaintiff's challenge to the report as illegitimate. In light of Plaintiff's need to promptly challenge Defendants' release of the report, there is no reason that Defendants cannot begin making the Commission's documents public and continue doing so on a rolling basis.

Defendants' statement that the Solicitor General is considering an appeal from this Court's November 2, 2020 order, *see infra*, is of no consequence. Until and unless an appeal is filed and a stay issued, mere indecision on Defendants' part does not relieve them of the duty to follow FACA's requirements and this Court's order effectuating those requirements. To date, Defendants have not filed a notice of appeal or sought a stay. Nor have they provided any indication that this Court has abused its discretion. It is immaterial, therefore, that Defendants may eventually appeal, and they must now promptly comply with this Court's order.

---

[2] Plaintiff requested Defendants at least make publicly available the draft report prior to releasing the final report. However, Defendants refuse to comply with this aspect of FACA though the draft is readily available.

Further, from the Parties' phone conference, the Parties disagree as to whether FACA requires Defendants to produce documents from the Commission's working groups. FACA's plain text defines an advisory committee subject to FACA's requirements as "any committee, board, commission, council, conference, panel, task force, or other similar group, or *any subcommittee or other subgroup thereof*," provided that such committee is "established or utilized" by a federal agency or the president. 5 U.S.C. app. 2 § 3(2). Whenever a subcommittee's records are "made available to or prepared for or by [the subcommittee's parent] advisory committee," those records must be disclosed to the public under FACA. 5 U.S.C. app. 2 § 10(b); *see Elec. Privacy Info. Ctr. v. Drone Advisory Comm*., 369 F. Supp. 3d 27, 42 (D.D.C. 2019).

Here, at least one Commissioner participated in the meetings and substantive deliberations of at least one of the Commission's working groups. S*ee* Ex. H to Chandran Decl. [ECF No. 40-9;] (Commissioner Gina V. Hawkins participating in email correspondence and speaker selection for a working group meeting); Ex. B to Chandran Decl. [ECF No. 40-3] (Commissioner Hawkins referring to "my working group of Respect for Law Enforcement"). The evidence also suggests that the Commission's working groups were tasked with drafting chapters of the Commission's ultimate report corresponding to their focus areas. *See* Ex. K to Chandran Decl. [ECF No. 40-12] (Katherine McQuay of the DOJ referring to "the last version of our chapter" in an email to Commissioner Hawkins and other members of the "Respect for Law Enforcement" working group); *see also* Ex. I to Chandran Decl. [ECF No. 40-10] (Ms. McQuay providing members of the working group with "a very rough draft of our annotated outline" for the report chapter titled "Respect for Law Enforcement and the Rule of Law").

Thus, at least some records from the Commission's working groups "were made available to or prepared for or by [the Commission]," either during working group meetings that

Commissioners attended or through a drafting and deliberation process in which Commissioners participated. *See* 5 U.S.C.A. app. 2 § 10(b). All such working group records, including communications on which any Commissioner was copied, are subject to FACA and must be disclosed to Plaintiff.

In light of the above, Plaintiff requests that the Court order as follows:

a.      Defendants shall provide to Plaintiff the total number of documents that are subject to disclosure under FACA, including covered working group records and records of the June 16 meeting, by November 23, 2020;

b.      Also by November 23, 2020, Defendants shall identify any categories of documents, including working group documents, they possess but do not intend to disclose, and provide an explanation for such non-disclosure;

c.      Defendants shall produce to Plaintiff 100 pages of responsive documents every seven days thereafter; and

d.      Defendants shall provide to Plaintiff an estimated date of completion for the production of all covered documents by November 30, 2020.

Should the Court agree with Defendants' schedule, Plaintiff respectfully requests that the Commission's most recent draft report be made publicly available immediately. 5 U.S.C. app. 2 § 10(b). It is easily accessible to Defendants and will allow Plaintiff, who has been excluded from the Commission's hearings and work, an opportunity to understand specific grounds on which it may want to challenge the report.

Plaintiff also requests that the Court direct the parties to provide another Joint Status Report in 30 days detailing their progress toward reaching these goals.

Defendants' Statement

The Solicitor General has not yet determined whether to authorize appeal of this Court's November 2, 2020 injunctive order.  However, in light of this Court's determination that the Commission is subject to FACA, and given LDF's intent to pursue its claim for public records, Defendants will begin to take steps to gather the public "records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by" the Commission, as required by Section 10(b) of FACA.  5 U.S.C. app. 2 § 10(b).  In the event that the Solicitor General authorizes an appeal, Defendants reserve the right to seek relief from any Court-ordered production schedule as appropriate.

Defendants are in the process of collecting such documents and cannot currently estimate when production will be complete.  Given LDF's delay in pursuing its public records claim, the expedited schedule LDF proposes is unreasonable and should not be entered.  Defendants propose to make initial public release of materials covered by Section 10(b) on or before December 14, 2020, and to provide the Court at that time with estimate of the volume of the remaining covered materials to be produced and a proposed schedule for completing its review and release of those materials.  Defendants also propose to include in their submission to the Court a description of categories of documents in the Commission's possession that Defendants believe are not subject to disclosure under Section 10(b).  Defendants further propose that the Court require the parties to submit a further joint status report on or before December 28, 2020 to identify areas of disagreement regarding what documents are covered by Section 10(b) and submit proposals for a briefing schedule to resolve any areas of dispute.

LDF requests a shorter period for Defendants to make their initial production and to estimate the total number of documents in the Commission's possession that are subject to Section

10.  LDF also asks the Court to establish a schedule for production of covered materials.  Yet, LDF does not provide any compelling reason to justify its proposed schedule.  As this Court has noted, LDF did not move for summary judgment on its public records claim, *see* at Memorandum Opinion at 6, ECF No. 54, and—until this filing—LDF has taken no steps to advance that claim, or to suggest that it requires Commission records by any particular date.  Defendants, on the other hand, need adequate time to search through potentially thousands of records to identify what material is subject to Section 10(b), and it would be impractical, if not impossible, for Defendants to identify and categorize those records by November 23—one week from the date of this filing—as LDF proposes.  LDF's newfound sense of urgency with respect to its public records claim also lacks any weight given this Court's issuance of a "limited use injunction," which this Court has already explained is "sufficient for LDF to challenge the Commission's recommendations in the public forum."  [ECF No. 54] at 8; [ECF No. 53] at 3–4.  Defendants also note that, while LDF has made several miscellaneous requests for relief in the instant joint status report, LDF has not actually moved for any such relief, despite filing this case over six months ago.

Defendants respectfully submit that the proper course would be to allow Defendants adequate time to gather covered materials, describe those records to the Court, and to make an initial production, and then to proceed to determine what areas of dispute remain in an orderly fashion.

## III.   LDF's Inappropriate Influence Claim

Plaintiff's Statement

Plaintiff's Amended Complaint alleged that the Commission was inappropriately influenced by both Attorney General William P. Barr, the Commission's appointing authority, and other entities, including President Trump and special interests such as the Fraternal Order of Police

and other law enforcement organizations. Am. Compl. ¶¶ 39, 41, 84–118, 181–184. Plaintiff did not seek summary judgment on this claim, and sought discovery as to it while the parties' dispositive motions were pending. Defendants moved to stay all discovery in light of their cross-motion to dismiss all of Plaintiff's claims, including its claim of inappropriate influence, for lack of standing and lack of justiciability [ECF No. 33].

In resolving the Parties' motions, this Court held that "LDF can still pursue the claims for which it has not yet sought summary judgment [i.e., its inappropriate influence and document-access claims] . . . ." ECF No. 54 at 3. LDF now seeks to commence discovery on its inappropriate-influence claim. Each violation of the statute further undermines confidence in the Commission's conclusions, further injuring those parties with a "direct interest" in the Commission's work—such as LDF. And understanding the full scope of the Commission's FACA violations will be key to LDF's efforts to publicly challenge the Commission's findings. Plaintiff's public records requests have already revealed some of the outside interest groups that influenced the Commission's work—at times, even drafting portions of the report. *See, e.g.*, Ex. J to Chandran Decl. [ECF No. 40-11] (unlisted member of Fraternal Order of Police added to working group and providing draft language analyzing legislation). A finding about the sources and extent of this influence on the Commission, and a declaration of such, would further support Plaintiff's challenge to the Commission's report.

Defendants do not dispute that any inappropriate influence on the Commission would effectuate Plaintiff's remedy: a meaningful opportunity to challenge the Commission's findings in the public arena. Rather, they seek to avoid discovery by claiming they intend to again move to dismiss this claim, making the same arguments about standing that this Court has already rejected. But they point to no error in the Court's analysis warranting reconsideration of its ruling. There

are no serious questions that this Court has not already addressed; Defendants should not be permitted to file a duplicative and redundant motion to dismiss.[3] Further, Defendants' argument about standing is meritless; the substantive difference between Plaintiff's inappropriate influence claim and its fair balance claims further support discovery. LDF's fair balance claim focuses on which entities were inappropriately *excluded* from the Commission's work; its inappropriate influence claim focuses on which voices were inappropriately *included*. Inaccuracies and biases in the Commission's report are plainly traceable to Defendants' violations of FACA's inappropriate influence provisions, and those inaccuracies concretely injure Plaintiff, which has a direct interest in the Commission's work. And in any event, standing is measured at the time of filing, and is unaffected by subsequent developments in a litigation. *Wheaton Coll. v. Sebelius*, 703 F.3d 551, 552 (D.C. Cir. 2012) ("[S]tanding is assessed at the time of filing.").

Defendants admit—for the first time—that they did not employ any procedures to prevent inappropriate influence on the Commission's work. They argue, however, that FACA imposes no substantive requirement that advisory committees be free of inappropriate influence. This is wrong. Advisory committees must be *substantively* free of inappropriate influence, as courts interpreting FACA have long recognized. *See, e.g.*, *In re Cheney*, 406 F.3d 723, 727 (D.C. Cir. 2005) (noting that FACA provides that "each such [advisory] committee . . . may not be inappropriately influenced by the appointing authority or by any special interest"); *Metcalf v.*

---

[3] Should the Court agree that Defendants may file a second motion to dismiss, Plaintiff requests an expedited briefing schedule to ensure it may expeditiously obtain all relevant information.

*Natural Petroleum Council*, 553 F.2d 176, 180 (D.C. Cir. 1977) (analyzing actual influence of outside forces on committee's operations in assessing plaintiff's standing).[4]

Defendants have not sought reconsideration of the Court's order on their motion to dismiss, and their contemplation of an appeal is no reason to delay discovery. In light of the above, Plaintiff requests that the Court order as follows concerning the undue influence claim:

   a. Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and as relevant to the remaining undue influence claim shall be exchanged by November 23, 2020;

   b. Discovery should be completed by January 15, 2021; and

   c. Parties shall file dispositive motions by February 12, 2021.

Given that there is only a single issue remaining to be litigated—further narrowed by Defendants' admission that they failed to put provisions in place to prevent undue influence on the Commission—this schedule is realistic. Indeed, in the Parties' 26(f) report, Defendants suggested that they would need 21 days after the Court's decision on the Parties' pending dispositive motions to exchange initial disclosures on all of Plaintiff's claims.  ECF No. 37 at 9. Nearly twice as much time has passed since the Court's October 1 order which left just two claims for discovery. Even if counted from the Court's November 2 order, Defendants' own proposal of 21 days to gather evidence counsels in favor of a November 23 deadline for initial disclosures. Thereafter, Plaintiff intends to conduct streamlined discovery on the narrow remaining issues, warranting a discovery window far shorter than the 120 days Defendants previously believed necessary to conduct discovery into all of the Commission's FACA violations.

---

[4] Defendants' citation to the text of FACA is incorrect. It is the *legislation establishing* an advisory committee that need only contain procedures to avoid inappropriate influence, not the committee itself. *See* 5 U.S.C. app. 2 § 5(b)(3). Defendants' interpretation would allow for a commission to be inappropriately influenced, as long as there were procedures in place that attempted to avoid it.

Further, if this Court should agree with Defendants that FACA imposes only procedural requirements on advisory committees, Defendants have admitted a procedural violation in their statement below. Plaintiff thus reserves the right to seek further relief, including declaratory judgment as to such a violation and a modification of the disclaimer language ordered by the Court to include the Commission's failure to be free of inappropriate influence.

Defendants' Statement

The Court should not permit LDF to proceed on its inappropriate influence claim at this time, if ever.  LDF has already obtained declaratory relief stating that the Commission did not comply with FACA. Order at 2, ECF No. 53 ("Remedies Order").  The Court has also ordered that, if Defendants publish, release or transmit any copy of any report produced by the Commission, they must include a disclaimer indicating that the Commission "was subject to the Federal Advisory Committee Act ("FACA"), 5 U.S.C. app. 2, and that "a United States District Court judge has found that the Department of Justice and the Commission's officers violated FACA in forming and operating the Commission."  *Id.* at 3–4.  Those remedies have already "remov[ed] the appearance of legitimacy that attaches to advisory committee recommendations" and redressed LDF's alleged injuries, "which stem from its inability to influence the Commission's work by scrutinizing the Commission's activities and having access to a representative voice on the Commission."  Memorandum Opinion at 4, ECF No. 54.

Because any injury that is fairly traceable to the alleged inappropriate influence on the Commission has now been remedied by the Court's remedial order, Defendants intend to file a renewed motion to dismiss Plaintiff's inappropriate influence claim for lack of subject matter jurisdiction.  Defendants respectfully propose the following schedule for briefing of that forthcoming motion:

- November 30, 2020:  Defendants' Renewed Motion to Dismiss Due

- January 4, 2021: LDF's Response to Defendants' Renewed Motion to Dismiss Due

- January 25, 2021: Defendants Reply in Support or Renewed Motion to Dismiss Due

Given that there are, at a minimum, serious questions regarding this Court's continued jurisdiction over LDF's inappropriate influence claim, Defendants respectfully request that the Court reject LDF's request to begin discovery with respect to that claim until the Court rules on Defendants' renewed motion to dismiss.

LDF contends, incorrectly, that Defendants' renewed motion to dismiss would be duplicative of their prior motion.  LDF fails to appreciate the relevant question:  whether LDF would suffer a concrete, legally cognizable injury that is fairly traceable to Defendants' conduct *even after* the Court has already issued declaratory relief stating that the Commission violated FACA and injunctive relief requiring a "limited use injunction."  Defendants respectfully submit that LDF cannot make such a showing.

However, even if the Court were to determine that LDF has standing to proceed with its inappropriate influence claim, Defendants would seek a protective order preventing discovery. The "inappropriate influence" provision of FACA is procedural.  It requires only that an advisory committee "contain appropriate provisions to assure that advice and recommendations of the advisory committee will not be appropriately influenced."  5 U.S.C. app. 2 § 5(b)(3).[5]  Although

---

[5] LDF points out that the quoted language applies only to "legislation establishing" a Commission. Besides ignoring Section 5(c), which imposes "guidelines set out in subsection (b)" on "the President, agency heads, or other Federal officials in creating an advisory committee" "to the extent they are applicable, *see* 5 U.S.C. app. 2 § 5(c), LDF fails to point to anything in the language of FACA that imposes a substantive requirement that advisory committees be free of inappropriate influence.  *Compare id.* § 5(b)(2) (requiring "the membership of the advisory committee to be fairly balanced").  The D.C. Circuit cases LDF cites do not address this issue.  *See, e.g.,*

Defendants dispute that the Commission was, in fact, inappropriately influenced, Defendants acknowledge that the Commission was not created with "provisions" to prevent such influence, because Defendants did not believe the Commission was subject to FACA.  There is therefore nothing to discover.  Indeed, Defendants are not aware of any case that has allowed discovery on a FACA claim brought under Section 5(b)(3), and LDF conspicuously cites none.  The Supreme Court, moreover, has suggested that that discovery should not provide an avenue to obtain documents that a plaintiff cannot otherwise obtain if it succeeds on the merits of its FACA claim. *See In re Cheney*, 542 U.S. 367, 377 (2004) ("The majority [of the D.C. Circuit panel] acknowledged the scope of respondents' requests is overly broad, because it seeks far more than the 'limited items' to which respondents would be entitled if 'the district court ultimately determines that the NEPDG is subject to FACA.'").  Here, discovery would be particularly inappropriate after the Court has already concluded that the Commission violated FACA in not following that statute's procedures.

Even if discovery were somehow appropriate—which Defendants dispute—the Court should reject LDF's proposed schedule.  LDF's proposal that discovery begin and conclude in a mere two months over the holidays is wholly unrealistic.  LDF does not explain why such an expedited schedule is necessary, and any suggestion that time is of the essence is inconsistent with how LDF has pursued its claims.  *See* Remedies Order at 10 (noting that LDF "never sought emergency injunctive relief and only asked for a decision by the end of October, and that "LDF proposed that remedies briefing occur only *after* a ruling on the merits").  Rather, if the Court were to set any schedule, it should be to brief the Commission's forthcoming motion to dismiss for lack of subject matter jurisdiction and to brief Defendants' motion for a protective order.

Dated: November 16, 2020

Respectfully submitted,

*/s/ Natasha C. Merle*
Samuel Spital, Bar No. SS4839
Natasha C. Merle*
Ashok Chandran*
Steven Lance*
**NAACP LEGAL DEFENSE AND
EDUCATIONAL FUND, INC.**
40 Rector St., 5th Floor
New York, NY 10006
Tel.: (212) 965-2200
Fax.: (212) 226-7592
sspital@naacpldf.org
nmerle@naacpldf.org
achandran@naacpldf.org
slance@naacpldf.org

*admitted *pro hac vice*

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-0878
E-mail: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*