UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC.,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**WILLIAM P. BARR, in his official capacity as Attorney General of the United States, et al.,**<br><br>    **Defendants.** | Civil Action No. 20-1132 (JDB) |

## ORDER

The Court previously determined that the Presidential Commission on Law Enforcement and the Administration of Justice ("Commission") is subject to the Federal Advisory Committee Act ("FACA") and entered summary judgment in favor of plaintiff on several of the claims in the complaint.  See NAACP Legal Def. & Educ. Fund, Inc. v. Barr, 2020 WL 5833866 (D.D.C. Oct. 1, 2020).  In a subsequent remedial order, the Court ordered the parties to submit a joint status report addressing compliance with the remedial order and providing proposals for further proceedings concerning claims that were not resolved on summary judgment.  See NAACP Legal Def. & Educ. Fund, Inc. v. Barr, 2020 WL 6392777 (D.D.C. Nov. 2, 2020).  Upon consideration of [55] the parties' joint status report, and the entire record herein, it is hereby

**ORDERED** that, prior to releasing the Commission's report and by not later than November 25, 2020, defendant shall release (1) any records (including transcripts) of the June 16, 2020 meeting between Attorney General William P. Barr and the Commission that are covered by 5 U.S.C. app. 2 § 10(b); and (2) the most recent draft of the Commission's report covered by § 10(b).  The parties agree that, given the Court's conclusion that the Commission is subject to

FACA, any "records, reports, transcripts, minutes, appendixes, working papers, drafts, studies, agenda, or other documents which were made available to or prepared for or by each advisory committee" should be available for public inspection.  See 5 U.S.C. app. 2 § 10(b); Joint Status Report [ECF No. 55] at 5, 9.  Records of the June 16 meeting and the most recent draft of the Commission's report are easily available and clearly covered by the language of § 10(b)—and defendants have not argued to the contrary.  Thus, requiring the immediate release of these materials allows plaintiffs the opportunity to use the materials in promptly challenging the report upon publication without unduly burdening defendants.  It is further

**ORDERED** that, by not later than December 4, 2020, defendants shall (1) make an initial public release of other materials covered by § 10(b); (2) provide plaintiff an estimate of the volume of remaining materials that are subject to disclosure under FACA and a proposed schedule for releasing those materials; and (3) provide plaintiff a description of any categories of documents, including working group documents, that defendants possess but contend are not subject to disclosure under § 10(b); it is further

**ORDERED** that, by not later than December 16, 2020, the parties shall submit a joint status report that details their progress towards completing document release, identifies any areas of disagreement regarding what documents are covered by § 10(b), and includes proposals for resolving any areas of dispute; and it is further

**ORDERED** that a briefing schedule on defendants' forthcoming motion to dismiss plaintiff's claim that the Commission was inappropriately influenced is set as follows: defendants shall file their renewed motion to dismiss by not later than November 30, 2020; plaintiff shall respond to defendants' renewed motion to dismiss by not later than December 21, 2020; and

defendants shall file any reply in support of their renewed motion to dismiss by not later than January 8, 2021. No schedule for discovery will be set at this time.

**SO ORDERED.**

/s/
JOHN D. BATES
Senior United States District Judge

Dated:  November 23, 2020