UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NAACP LEGAL DEFENSE & EDUCATIONAL FUND, INC., <br><br> Plaintiff, <br> v. <br><br> WILLIAM P. BARR, in his official capacity as Attorney General of the United States, <br><br> UNITED STATES DEPARTMENT OF JUSTICE, an agency of the United States, <br><br> PRESIDENTIAL COMMISSION ON LAW ENFORCEMENT AND THE ADMINISTRATION OF JUSTICE, an advisory committee established and utilized by Attorney General William Barr, <br><br> PHIL KEITH, in his official capacity as Chair of the Presidential Commission on Law Enforcement and the Administration of Justice, and <br><br> KATHARINE SULLIVAN, in her official capacity as Vice Chair of the Presidential Commission on Law Enforcement and the Administration of Justice, <br><br> Defendants. | Civil Action No. 20-1132 (JDB) |

## SECOND JOINT STATUS REPORT

Plaintiff NAACP Legal Defense & Educational Fund, Inc. ("Plaintiff" or "LDF") and Defendants William P. Barr, in his official capacity; Presidential Commission on Law Enforcement and the Administration of Justice; Phil Keith, in his official capacity; and Katharine Sullivan, in her official capacity (collectively, "Defendants"), by undersigned counsel, submit this joint status report pursuant to the Court's Order dated November 23, 2020 ECF No. 56.

I.     **Procedural Background**

After granting Plaintiff's motion for partial summary judgment (ECF No. 45) and entering a limited use injunction on the Commission's report, the Court directed the parties to meet and confer regarding Plaintiff's remaining claims. Those claims allege that (1) Defendants are obligated to disclose certain documents pursuant to Section 10(b) of the Federal Advisory Committee Act (FACA); and (2) the Commission has been inappropriately influenced by the appointing authority or special interest groups. ECF No. 53 at 4. The parties jointly filed a status report regarding both outstanding claims on November 16, 2020. ECF No. 55.

In an order dated November 23, 2020, the Court set a briefing schedule on Defendants' motion to dismiss Plaintiff's claim regarding inappropriate influence on the Commission. That briefing remains ongoing. In the November 23 order, the Court further directed Defendants to release, by November 25, 2020, "(1) any records (including transcripts) of the June 16, 2020 meeting between Attorney General William P. Barr and the Commission that are covered by 5 U.S.C. app. 2 § 10(b); and (2) the most recent draft of the Commission's report covered by § 10(b)." ECF No. 56 at 1. The Court further directed Defendants to "make an initial public release of other materials covered by § 10(b)," "provide plaintiff an estimate of the volume of remaining materials that are subject to disclosure under FACA and a proposed schedule for releasing those materials," and "provide plaintiff a description of any categories of documents, including working group documents, that defendants possess but contend are not subject to disclosure under § 10(b)" by December 4, 2020. ECF No. 56 at 2. Finally, the Court directed the parties to meet and confer regarding resolving any areas of dispute and file a subsequent status report by December 16, 2020. *Id.*

## II. Status of Document Disclosures

On November 25, 2020, Defendants publicly released a draft of the Commission's report, which is now available on the Commission's website. Defendants also published documents related to the Commission's June 16, 2020 with the Attorney General on the Commission's website, and informed Plaintiff that no transcripts or audio recordings of that meeting exist.

On December 4, 2020, Defendants published certain additional materials on the Commission's website. Defendants further informed Plaintiff of five categories of documents they agree are subject to disclosure under Section 10(b) of FACA:

(1) summaries of activity by the Commission and the Working Groups shared with the full Commission;

(2) meeting agendas shared with the full Commission;

(3) draft versions of the Commission's report circulated to the full Commission;

(4) substantive documents related to the Commission's work and shared with the full Commission; and

(5) substantive communications exchanged among the full Commission.

Defendants further informed Plaintiff that they had identified approximately 140 emails and approximately 430 attachments to those emails that fell into these categories. Defendants indicated that certain limited categories of personally identifying information would need to be redacted prior to disclosure, and thus proposed a three-stage disclosure schedule pursuant to which disclosures would be made on December 17, 2020, December 31, 2020, and then finally on January 14, 2020.

Defendants identified eleven categories of documents they do not believe are subject to disclosure under Section 10(b):

(1) administrative emails sent to the full Commission;

(2) emails and associated materials sent between Commission staff that were not sent to a Commissioner;

(3) emails and associated materials to or from staff that included one or more Commissioners, but not to the full Commission;

(4) emails and associated materials sent among individual Commissioners but not shared with the full Commission;

(5) public comments not provided to the full Commission;

(6) staff emails and work product never provided to the full Commission;

(7) emails and associated documents sent to or from Commission staff or individual Commission members to or from third-parties (e.g., reporters, public-interest groups, witnesses) and not shared with the full Commission;

(8) materials considered or generated by Working Group members but not shared with the full Commission;

(9) communications between staff and Working Group members not shared with the full Commission;

(10) communications among Working Group members not shared with a Commissioner or the full Commission; and

(11) communications between Working Group members and one or more Commissioners but not shared with the full Commission.

## III.   Status of Discussions Between Parties

The parties met and conferred on December 10, 2020, regarding Defendants' proposals and the potential for a resolution of this matter. In that meeting, Plaintiff tentatively agreed to the disclosure schedule proposed by Defendants for the five categories of information Defendants have agreed are subject to disclosure, but requested information regarding the timeline for the Commission's publication of its report.

The parties disagree as to the eleven categories of documents Defendants have indicated they will not be producing; Plaintiff continues to believe that all eleven categories of information are subject to disclosure under Section 10(b), and Defendants continue to believe that none falls

within Section 10(b). Nevertheless, the parties are exploring whether this matter can be resolved through negotiations. The parties expect that they will know whether such a resolution is possible within the next week.

In light of the foregoing, the parties respectfully request that they be allowed to file another status report by December 23, 2020,[1] concerning the status of their discussions and next steps to resolve this matter.

Dated: December 16, 2020

/s/ Natasha C. Merle
Samuel Spital, Bar No. SS4839
Natasha C. Merle*
Ashok Chandran*
Steven Lance*
**NAACP LEGAL DEFENSE AND
    EDUCATIONAL FUND, INC.**
40 Rector St., 5th Floor
New York, NY 10006
Tel.: (212) 965-2200
Fax.: (212) 226-7592
sspital@naacpldf.org
nmerle@naacpldf.org
achandran@naacpldf.org
slance@naacpldf.org

*admitted *pro hac vice*

*Counsel for Plaintiff*

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

JOHN V. COGHLAN
Deputy Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
Trial Attorney, U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Tel.: (202) 305-0878
E-mail: Bradley.Humphreys@usdoj.gov

*Counsel for Defendants*

---

[1] Plaintiff notes that the Commission's report may be released before December 23, and therefore believes there is continued urgency to the release of the Commission's documents.