# EXHIBIT A

# Ashok Chandran

| | |
|---|---|
| **From:** | Humphreys, Bradley (CIV) <Bradley.Humphreys@usdoj.gov> |
| **Sent:** | Friday, December 4, 2020 5:53 PM |
| **To:** | Natasha Merle; Ashok Chandran; Steven Lance |
| **Subject:** | LDF v. Barr |

**[Caution: EXTERNAL EMAIL]**

Natasha, Ashok, and Steven:

As required by the court's November 23 order, defendants have made their initial public release of materials covered by Section 10(b). The materials are posted here: https://www.justice.gov/ag/presidential-commission-law-enforcement-and-administration-justice/correspondence.

Defendants have searched for other materials and have identified approximately 140 emails and approximately 430 attachments that are also covered by Section 10(b). We are still doing some additional searches to make sure we have caught everything. If we do find anything more, we will provide you with an update promptly.

We propose to make the next public release on December 17, another on December 31, and a final one on January 14. Before releasing the materials, we need to review and redact for information covered by the Privacy Act and to make the public postings compliant with Section 508 of the Rehabilitation Act, which I understand to be a time consuming process.

The materials we will be releasing, because they are covered by Section 10(b), are those "made available to or prepared by" the Commission as a whole. 5 U.S.C. app. § 10(b); *see also* 12 U.S. Opp. Off. Legal Counsel 73, 75 (1988) (Section 10(b) does not apply to material produced by staff members, staffing entities, or subcommittees); *Nat'l Anti-Hunger Coal. v. Exec. Comm. of President's Private Sector Survey on Cost Control*, 557 F. Supp. 524, 529 (D.D.C. 1983) (rejecting the application of Section 10(b) to entities "performing staff functions," and concluding that FACA's disclosure requirements applied only to the entity that "provide[s] advice directly to the President," and further noting that "surely Congress did not contemplate that interested parties like the plaintiffs should have access to every paper through which recommendations are evolved . . . ."), *aff'd*, 711 F.2d 1071 (D.C. Cir. 1983). The materials we will be producing include the following:

- Summaries of activity by the Commission and the Working Groups shared with the full Commission
- Meeting agendas shared with the full Commission
- Draft versions of the Commission's report circulated to the full Commission
- Substantive documents related to the Commission's work and shared with the full Commission.
- Substantive communications exchanged among the full Commission

The Commission has already publicly posted other material covered by Section 10(b) on its website, including the hearing transcripts and audio, witness bios and witness testimony, and summaries for Commission hearings. The link to that material is here: https://www.justice.gov/ag/presidential-commission-law-enforcement-and-administration-justice/hearings.

Also, here are the categories of documents we are aware of in Defendants' possession related to the Commission that, in our view, are not subject to Section 10(b):

- Administrative emails sent to the full Commission (e.g., explaining travel arrangements, meeting logistics)
- Emails and associated materials sent between Commission staff that were not sent to a Commissioner
- Emails and associated materials to or from staff that included one or more Commissioners, but not to the full Commission
- Emails and associated materials sent among individual Commissioners but not shared with the full Commission.

- Public comments not provided to the full Commission
- Staff emails and work product never provided to the full Commission
- Emails and associated documents sent to or from Commission staff or individual Commission members to or from third-parties (e.g., reporters, public-interest groups, witnesses) and not shared with the full Commission
- Materials considered or generated by Working Group members but not shared with the full Commission
- Communications between staff and Working Group members not shared with the full Commission
- Communications among Working Group members not shared with a Commissioner or the full Commission
- Communications between Working Group members and one or more Commissioners but not shared with the full Commission

Public release of these materials is not required because they were never shared with the Commission as a whole or, in the case of purely administrative communications, did not inform the Commission's substantive work. Even if some of the materials covered by the above categories ultimately influenced the Commission's work, only the materials actually shared with the full Commission, which defendants intend to produce, are subject to Section 10(b). *See, e.g.*, *Nat'l Anti-Hunger Coal.*, 557 F. Supp. at 529.

As you know, we have a status report due December 16 to discuss how to proceed. Please let me know if there is a good time to discuss once you have had a chance to digest the above.

Best,
Brad

2